SOCIETA ANONIMA LUCCHESE
OLII E. VINI

v.

CATANIA SPAGNA CORPORATION.

Civ. A. No. 77–195–F.

United States District Court,
D. Massachusetts.

Oct. 7, 1977.

David Berman, John F. Zamparelli, Medford, Mass., for plaintiff.

Oscar J. Toye, Philip W. Riley, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

FREEDMAN, District Judge.

This action was originally commenced in the Middlesex Superior Court and was removed to this Court by the defendant. The matter is now before the Court on defendant's objections to the recommendation of the Magistrate that plaintiff's motion for remand be granted. Upon due consideration of the issues raised by defendant's objections, and an examination of the relevant authorities and the entire record, this Court adopts the Magistrate's recommendation and grants plaintiff's motion for remand to the state court.

The Court must first consider the proper weight to be afforded to the recommendation of the Magistrate in this case. The statutory scheme delineates two procedures and accompanying review standards for pretrial matters referred to magistrates. 28 U.S.C. § 636(b). The first permits designation of a magistrate to "hear and determine" any pretrial matter not specifically enumerated as an exception. A magistrate's order under this procedure is subject to reconsideration by the judge where it is found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).[1]

The second procedure, which encompasses pretrial matters excepted from the procedure discussed above, provides for the designation of a magistrate to submit "proposed findings of fact and recommendations for the disposition" of such matters. 28 U.S.C. § 636(b)(1)(B). It is further provided that "de novo determination" shall be made by the judge of findings or recommendations to which a party objects.

█ A remand motion would appear to be a pretrial matter not specifically within any of the exceptions enumerated in 28 U.S.C. § 636(b)(1)(A),[2] see fn. 1, supra, and thus subject to determination by a magistrate under the first procedure outlined above. The plaintiff's motion, however, was referred to the Magistrate for findings and recommendations rather than determination, and both the Magistrate and the

---

1. This section provides:

    (b)(1) Notwithstanding any provision of law to the contrary—

    (A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except . . .. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to the law.

2. Since it is the plaintiff who is seeking remand, it is hard to fit the remand motion within the "involuntary dismissal" exception or any other exception listed in 28 U.S.C. § 636(b)(1)(A). Subsection (b)(1)(A) would therefore be available in this case.

parties treated it in this manner. This Court is of the opinion that the use of subsection (b)(1)(A) of 28 U.S.C. § 636 is discretionary and that matters which may be referred to a magistrate for determination may at the Court's option be referred to a magistrate for findings and recommendations under subsection (b)(1)(B) of that section instead. The matter at bar will therefore be treated as properly referred to the Magistrate under subsection (b)(1)(B). The portions of the findings and recommendations of the Magistrate on plaintiff's remand motion to which objections have been made are therefore subject to de novo review in accordance with 28 U.S.C. § 636(b)(1)(C).

■ Motion for remand is the proper procedure for challenging removal and such a motion puts in issue the validity of the grounds for the removal itself. 1A J. Moore, *Federal Practice* ¶ 0.168 [4.–1] at 524. The propriety of removing a case from a state court to a district court of the United States depends upon the existence of original federal jurisdiction. 28 U.S.C. § 1441(a).

The Magistrate found that since the defendant is a resident of Massachusetts, the state in which the action was brought, diversity of citizenship would not serve to provide a basis for removal. Although this conclusion is not challenged by the defendant, the Court notes that it is correct. *See* 28 U.S.C. § 1441(b).

■ Since the diversity of the parties does not in this case serve as a basis for removal jurisdiction, whether removal was warranted depends upon the existence of a federal question as an essential element of plaintiff's case. *Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). *See* 28 U.S.C. § 1331. *See also* 28 U.S.C. § 1338. This is determined by examining the allegations contained in the complaint. *Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974); *Gully v. First National Bank, supra.*

■ The complaint in this case alleges that defendant sold and distributed to the public cans of olive oil which are by design similar in "color scheme, decorations and inscriptions" to cans marketed by the plaintiff and that the public has been misled thereby to plaintiff's detriment. There is no allegation in the complaint that plaintiff owns a registered trademark.[3]

The defendant argues that the allegations in the complaint state a claim for trademark infringement and that federal jurisdiction therefore exists under 28 U.S.C. § 1338. The defendant further argues that plaintiff's failure to specifically mention the trademark is a part of plaintiff's attempt to conceal the true nature of the claim and thus avoid federal jurisdiction. Plaintiff contends that, on its face, this is common law action for unfair competition and that the inquiry should stop there.

The Magistrate found no indication of fraud or intentional concealment on the part of the plaintiff to avoid federal jurisdiction. He found that this is a common law action for unfair competition. The Magistrate therefore recommended that the motion to remand be granted.

Defendant's first objection to the report of the Magistrate is based on the Magistrate's erroneous finding that the complaint alleged plaintiff's ownership of a trademark and that the action was brought to protect that trademark. As noted, the complaint makes no reference to trademarks.

■ In order to find federal removal jurisdiction under the trademark laws, the complaint must be found to reveal the existence of a federally registered trademark and allege its infringement. 1 J. Moore, *Federal Practice* ¶ 0.62[6] at 692–693. *See e. g., La Chemise Lacoste v. Alligator Company, Inc.,* 506 F.2d 339 (3d Cir. 1974), *cert. denied* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975); *J. H. Smith Co., Inc. v. Jordan Marsh Co.,* 161 F.Supp. 659 (D.Mass. 1958). A plaintiff may, by framing the complaint properly, bring such an action under state law and there will be no remov-

---

**3.** To the extent that the Magistrate found otherwise, the Magistrate was mistaken.

al as long as no reliance is placed on the federal trademark. *See* 1 J. Moore, *supra* at 696–697. *See La Chemise Lacoste v. Alligator Company, Inc., supra.* But *cf., Beech-Nut, Inc. v. Warner-Lambert Co.,* 480 F.2d 801 (2d Cir. 1973). Plaintiff need not, as defendant here contends, stipulate that it does not intend to raise trademark issues. On a motion for remand, the burden of proving the propriety of removal rests on the party who removed. 1A J. Moore, *supra* at 529. This case should not have been removed from the state court and this Court therefore adopts the Magistrate's recommendation and grants plaintiff's motion for remand.

The second objection raised by the defendant to the Magistrate's report is that he was in error in recommending that a protective order issue. This Court will not pass on this contention because the Magistrate, in fact, recommended that the motion for a protective order be denied. Since plaintiff does not object to this recommendation, the Court adopts it and denies the motion for a protective order.

For the foregoing reasons the Court adopts the recommendations of the Magistrate. Plaintiff's motion for remand is therefore granted and plaintiff's motion for a protective order is denied.