Catherine MORZE, Plaintiff,

v.

**SOUTHLAND CORPORATION and John P. Thompson and Monk, individually and t/a Seven Eleven Food Store, Defendants.**

Civ. A. No. 92–4553.

United States District Court, E.D. Pennsylvania.

March 19, 1993.

Marvin S. Haber, Fred R. Cohen, Cohen, DiPaul, Smukler & Every, P.C., Philadelphia, PA, for plaintiff.

Gerhard P. Dietrich, Rawle & Henderson, Philadelphia, PA, for defendants.

### MEMORANDUM

JOYNER, District Judge.

This negligence action was commenced by Plaintiff, Catherine Morze, against the Defendants, Southland Corp. and John Thompson and E. Monk, individually and t/a Seven Eleven Food Store ("Southland"), for damages sustained by plaintiff on property leased by defendants. Presently before the Court is plaintiff's motion to remand the instant case to the Court of Common Pleas of Philadelphia County. For the following reasons, the Motion is granted and the case will be remanded to state court where the parties have indicated it will be consolidated with Catherine Morze v. Southland Corp., et al.—

Court of Common Pleas of the Philadelphia County, November Term, 1992 No. 4387.

The plaintiff commenced this action in the Court of Common Pleas of Philadelphia County on July 10, 1992 for damages she sustained as a result of an alleged unreasonably dangerous condition existing on defendant's property. The plaintiff states that she was injured when she stepped in a "hole" covered with "junk and papers" on defendants' property.[1] The plaintiff is a citizen of the Commonwealth of Pennsylvania and the defendants are citizens of the state of Texas. The amount in controversy is in excess of $50,000. Accordingly, defendants removed the action to this court pursuant to 28 U.S.C. § 1332(a)(1) and § 1441(a).

During discovery, in September of 1992, the plaintiff was informed by Southland that Joseph Schmidt was the franchisee of the property upon which the plaintiff injured herself.[2] Upon further discovery, the plaintiff discovered that while Southland had a duty to "repair unreasonably dangerous conditions of the surface of the parking lot" where plaintiff fell, it was Joseph Schmidt, as the franchisee of this property, who had the duty to "clean debris and other transitory conditions from the parking lot."[3] Accordingly, the plaintiff chose to pursue a cause of action against Joseph Schmidt as well. However, Joseph Schmidt is also a Pennsylvania domicile. Therefore, the joinder of Joseph Schmidt as a party defendant in this action would destroy diversity and thereby divest this court of subject matter jurisdiction over plaintiff's claims. Consequently, the plaintiff commenced an action in the Court of Common Pleas of Philadelphia County against Joseph Schmidt, individually and/or t/a Seven Eleven Food Store, in December of 1992.

The plaintiff now requests that this action against Southland be remanded to the Court of Common Pleas and consolidated with the action pending therein against Joseph Schmidt.

## DISCUSSION

The Plaintiff's Motion to Remand evidences Catherine Morze's desire to join Joseph Schmidt to the instant action.[4] However, as stated above, such joinder will destroy diversity jurisdiction. Title 28 U.S.C. Section 1447(e) allows the Court to remand properly removed actions back to state court "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would otherwise destroy subject matter jurisdiction."

■ In the interest of preventing multiple and duplicative litigation, Congress enacted Section 1447(e) in 1988.[5] This provision compels courts to exercise discretion when deciding whether to remand a case to state court by balancing the equities involved and weighing the interests and prejudices to each party involved. *Carter v. Dover Corp., Rotary Lift Div.*, 753 F.Supp. 577 (E.D.Pa.1991) (joint tortfeasor joined although it destroyed diversity and case remanded to state court). Section 1447(e) compels the Court to consider, whether *in the interests of justice*, a case should be remanded back to State court. *Zawacki v. Penpac, Inc.*, 745 F.Supp. 1044, 1045 (M.D.Pa.1990); *see also Heininger v. Wecare Distributors, Inc.*, 706 F.Supp. 860 (S.D.Fla.1989); *McIntyre v. Codman & Shurtleff, Inc.*, 103 F.R.D. 619 (S.D.N.Y. 1984). "Professors Wright and Miller state that 1447(e) 'gives the court more flexibility than a strict Rule 19 analysis does by not

1. Deposition of Catherine Morze, October 22, 1992.

2. Defendant Southland Corp.'s Mandatory Disclosure Statement.

3. Defendant Southland Corp.'s Answer to Interrogatory No. 40 to Plaintiff as quoted in Defendant's Answer to Plaintiff's Motion to Remand Based Upon Lack of Diversity Pursuant to 28 U.S.C. § 1332 and § 1367.

4. Plaintiff's Motion to Remand, para. 11 states that "[g]iven these facts that have been obtained through discovery, it is alleged and averred that

Joseph M. Schmidt, a Pennsylvania domicile is an absolute necessary party to the instant case but that his joinder is limited by 28 U.S.C. Section 1367 and 1332, respectively."

5. The pertinent provision of the § 1447 provides:

(e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court.

barring late permissible joinder and by not requiring dismissal following a mandatory joinder of a non-diverse defendant.'" *Carter,* 753 F.Supp. at 579 *quoting* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure 2d* § 3739 (Supp. 1990).

◼ Ms. Morze has a potential cause of action against both Southland and Joseph Schmidt under Pennsylvania negligence law. The elements and facts relevant to each cause of action overlap considerably. If each case is tried in a separate forum, duplicative testimony is probable. In light of Joseph Schmidt's deposition testimony evidencing his potential liability for plaintiff's injuries as well as additional information obtained through discovery,[6] Ms. Morze's attempt to remand this case does not appear to be an attempt to "forum shop", but rather an attempt to promote judicial economy and prevent duplicative litigation. *Grogan v. Babson Brothers Co.,* 101 F.R.D. 697, 700 (N.D.N.Y. 1984) ("There is no evidence to suggest that the plaintiff seeks to join additional defendants solely to effectuate a remand to state court."); *see also McIntyre v. Codman & Shurtleff, Inc.,* 103 F.R.D. 619, 623 (S.D.N.Y. 1984).

"The most logical, economical and equitable approach is to determine the respective rights and liabilities of all relevant parties *inter se* in one proceeding," *Carter,* 753 F.Supp. at 580. For the foregoing reasons, the Plaintiff's Motion to Remand is granted.

---

**6.** In his deposition on December 30, 1992 at 9:30 a.m., p. 22, Joseph Schmidt states that it is his understanding that Southland Corp. has a duty to repair physical plant problems but the practice was for Joseph Schmidt to inform Southland of such problems.