Yaw MENSAH, Plaintiff,

v.

WORLD TRUCK CORP. and Edward L. Manning, Jr., Defendants.

No. 00 Civ. 5421(SWK).

United States District Court, S.D. New York.

April 15, 2002.

H.Q. Nguyen, Budin, Reisman, Kupferberg & Bernstein, New York City, for Plaintiff.

Richard A. Kubick, Bivona & Cohen, P.C., New York City, for Defendants.

### OPINION AND ORDER

KRAM, District Judge.

Defendants World Truck Corporation and Edward L. Manning, Jr. (collectively herein as "Defendants"), seek to remand the instant matter to state court in order to consolidate this action with several

---

1. This seems to be a situation of first impression in this Circuit. Neither the Court nor

---

pending state court actions arising from the same incident.

## I. BACKGROUND

On June 19, 1999, an automobile operated by Defendant Edward L. Manning, Jr. and owned by Defendant World Truck Corporation was involved in an accident with a vehicle owned and operated by Plaintiff Yaw Mensah ("Mensah"). Ousman Cisse and Sabou Sanusi were passengers in the car driven by Mensah.

This matter was originally filed in the Supreme Court, Bronx County, New York, and timely removed by the Defendants to this Court based upon diversity jurisdiction, 28 U.S.C. § 1441. Shortly thereafter, two separate actions were filed in state court by the passengers in Mensah's vehicle. Those actions were not removed.

Discovery in this matter has progressed slowly, and the parties failed to meet a March 25, 2002 scheduled trial date. A settlement conference with the Magistrate Judge also failed to bring about a resolution to this matter. The Defendants now seek to remand this matter to state court where it can be consolidated with the two other pending actions for the purposes of a joint trial. The Plaintiff does not oppose this request.

## II. DISCUSSION [1]

Generally, a motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). However, although this petition for remand is untimely, the Court waives the defect as both the Plaintiff and the Defendants support the petition.

---

the parties have been able to locate any statutory or case law addressing this situation.

■ In the interest of avoiding multiple and duplicative litigation, Congress enacted 28 U.S.C. Section 1447(e) in 1988, which compels courts to exercise discretion when deciding whether to remand a case to state court by balancing the equities involved and weighing the interests and prejudices to each party involved. *See Morze v. Southland Corp.*, 816 F.Supp. 369, 370 (E.D.Pa.1993). In *Morze*, the Plaintiff commenced two separate state court actions arising out of the same incident, yet only one of those actions was removed to federal court. *See* 816 F.Supp. at 369. The Plaintiff then requested remand of the removed action to state court in order to allow consolidation with her other pending action. *See id.* at 370. The court considered the Plaintiff's request to remand the federal court case under the rubric of section 1447(e), even though the Plaintiff apparently did not use that statute as basis for her request. *See id.* at 370–71.

Much the same situation exists in this matter, where the parties are embroiled in two separate state court actions and a federal court action all arising from the same incident. "Section 1447(e) compels the court to consider, whether *in the interests of justice*, a case should be remanded back to State court." *Id.* at 370. However, section 1447(e) addresses the situation where, after removal, a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction. Such a situation does not exist in this case, but the policy rationale behind section 1447(e) can be applied here, much as it was by the *Morze* court.

In an effort to avoid piecemeal litigation and the risk of inconsistent and contradictory results, the Court hereby finds that the interests of justice will be served by remanding this matter to the state court in which it was originally filed. As a result, all of the claims of the parties will be heard in one forum, reducing the risk of inconsistent results and allowing for a comprehensive resolution of this conflict. Additionally, both parties support remand to state court, a point which cannot be stressed enough. "The most logical, economical and equitable approach is to determine the respective rights and liabilities of all relevant parties *inter se* in one proceeding." *Morze*, 816 F.Supp. at 371 (quoting *Carter v. Dover Corp.*, 753 F.Supp. 577 (E.D.Pa.1991)).

## III. CONCLUSION

Accordingly, it is hereby Ordered that this case is remanded to the Supreme Court of the State of New York, Bronx County.

**SO ORDERED.**