**Mark T. CERIA, Plaintiff**

v.

**TOWN OF WENDELL,
et al., Defendants.**

**Civil Action No. 06–30067–KPN.**

United States District Court,
D. Massachusetts.

May 25, 2006.

Mark T. Ceria, Wendell, MA, Pro se.

Nancy Frankel Pelletier, Robinson Donovan, PC, Springfield, MA, for Defendants.

## MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S MOTION TO REMAND (Document No. 3)

NEIMAN, United States Chief Magistrate Judge.

Mark T. Ceria ("Plaintiff"), proceeding *pro se*, has moved to remand this case to the state court where it was initially filed. For the following reasons, Plaintiff's motion will be allowed.[1]

### I. BACKGROUND

Plaintiff's handwritten complaint raises a number of allegations against the Town of Wendell ("the town"), fourteen individuals, a law firm and an entity referred to simply as "MIIA." The complaint was filed in Franklin County Superior Court on April 6, 2006. On April 27, 2006, eight of the individual defendants, along with the town itself (together "the Removing Defendants"), purported to remove the action to this court. In doing so, they asserted that the complaint "arises under the laws of the United States" and, hence, that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (Document No. 1 ¶ 2.)

On May 1, 2006, Plaintiff filed what is in effect a motion to remand, asserting that the case "needs to be heard" in the Franklin County Superior Court and was removed "fictitous[ly]" and "without consultation." (Document No. 3 at 1.) On May 22, 2006, approximately one week after a response to Plaintiff's motion was due, the

1. *See* District Judge Michael A. Ponsor's Standing Order dated Jan. 7, 2005 (authorizing this court to "exercise all authority provided for by 28 U.S.C. § 636(b)" immediately upon the court's initial assignment of a civil case); *Societa Anonima Lucchese Olii E. Vini v. Catania Spagna Corp.*, 440 F.Supp. 461, 462 (D.Mass.1977) (deeming remand motion a nondispositive matter which magistrate judges are authorized to "hear and determine" pursuant to § 636(b)(1)(A) (footnote omitted)).

Removing Defendants filed a single sentence opposition. They stated simply that, "[t]o the extent that the Court deems [Plaintiff's motion to remand] to constitute an admission that the Complaint fails to state a cause of action cognizable under federal law, the defendants do not oppose remand." (Document No. 6 at 1.) The remaining defendants—the six other individuals, the law firm and the entity referred to as "MIIA"—have not responded to the complaint, joined in the removal, or responded to Plaintiff's motion to remand.[2]

## II. DISCUSSION

■ While, technically, the Removing Defendants do not oppose remand, the court is unwilling to adopt the terms upon which their non-opposition is based. The Removing Defendants' argument to the contrary, it is not the *court's* role to determine whether Plaintiff's motion to remand is "an admission that the Complaint fails to state a cause of action cognizable under federal law." Rather, the burden is on the Removing Defendants *themselves* to show that federal subject matter exists, *see BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 830–31 (1 st Cir.1997); *Bally v. Nat'l Collegiate Athletic Ass'n*, 707 F.Supp. 57, 58 (D.Mass.1988), or to concede that it does not exist. Put bluntly, the court is skeptical about the Removing Defendants' shifting position, *i.e.*, their initial assertion that the complaint "arises under the laws of the United States" followed closely by their argument that cognizable federal questions may not exist. Further, and perhaps most importantly, Plaintiff's motion to remand, although inartfully drafted, certainly does not admit

to the legal insufficiency of any of his claims.

■ Be that as it may, the court will allow Plaintiff's motion and remand the case to state court on other grounds, namely, that "removal requires the consent of all defendants." *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 620, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002) (citing 28 U.S.C. § 1446(a) and *Chicago, R.I. & P.R. Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900)). Here, it is clear that only half of the defendants consented to removal. Also, as the Removing Defendants are certainly aware, *pro se* allegations are entitled to a liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and doubts about removing an action are typically resolved in favor of remand, *see American Bldgs. Co. v. Varicon, Inc.*, 616 F.Supp. 641, 643 (D.Mass.1985) (citations omitted).

## III. CONCLUSION

For the reasons stated, Plaintiff's motion to remand is ALLOWED.

IT IS SO ORDERED.

■

---

2. Of these remaining defendants, at least two (John Gates and Frank Saia) are lawyers and a third (Sharon White) has recently appeared through her own attorney. Yet another individual, Michael Gifford, is listed as a *pro se* interested party but he, too, did not join in the removal.