Thomas STEFANIK, Plaintiff

v.

CITY OF HOLYOKE, et al., Shawn
Willis, et al., City of Holyoke,
et al., Defendants.

Civil Action Nos. 08–30106–MAP, 08–
30107–MAP, 08–30136–MAP.

United States District Court,
D. Massachusetts.

Jan. 20, 2009.

Dan Vernon Bair, II, Lisa Brodeur–
McGan, Brodeur–McGan, P.C., Spring-
field, MA, for Defendants.

ORDER

MICHAEL A. PONSOR, District
Judge.

Upon de novo review, this Report and
Recommendations is hereby adopted, with-
out objection. Docket No. 9 in 08cv30106
is denied. Docket No. 13 in 08cv30107 is
denied. So ordered.

*REPORT AND RECOMMENDATION
WITH REGARD TO DEFEN-
DANTS' MOTIONS FOR REMAND
(Document No. 9 in 08cv30106–MAP
and Document No. 13 in 08cv30107–
MAP)*

December 11, 2008

NEIMAN, United States Chief
Magistrate Judge.

Presently before the court is Thomas
Stefanik ("Plaintiff")'s three complaints
against various individuals associated with
the City of Holyoke ("the City"), as well as
against the City itself (collectively "Defen-
dants"). Defendants, who removed the
first two-numbered actions from state
court, now seek their remand. Given that
Plaintiff filed the third action directly in
this court (for which service has not yet
been returned), the court required Plaintiff
to respond to Defendants' two motions to
remand as if they applied to all three
actions. For the reasons which follow, the
court, pursuant to 28 U.S.C.
§ 636(b)(1)(B), will recommend that De-
fendants' motions be denied.

## I. THRESHOLD ISSUE

The court first notes that, despite its authority to directly rule on non-dispositive motions in the cases at bar, it has chosen to proceed via a report and recommendation in order to avoid a potential procedural quagmire, *i.e.*, the unresolved question of whether a magistrate judge has the authority to "hear and determine" motions to remand, 28 U.S.C. § 636(b)(1)(A), or may only issue "proposed findings of fact and recommendations," 28 U.S.C. § 636(b)(1)(B). A brief explanation is in order.

Although the First Circuit has avoided the dispute, *see Unauthorized Practice of Law Committee v. Gordon*, 979 F.2d 11, 12–13 (1st Cir.1992); *see also Albright v. FDIC*, 21 F.3d 419, 1994 WL 109047, at *2 n. 4 (1st Cir. Apr. 1, 1994) (unpublished), several district and magistrate judges within this circuit, including the undersigned in *Ceria v. Town of Wendell*, 443 F.Supp.2d 94, 95 n. 1 (D.Mass.2006), have held or assumed that a remand motion is a "non-dispositive" matter which a magistrate judge may "hear and decide" pursuant to Fed.R.Civ.P. 72(a) and section 636(b)(1)(A), *see Societa Anonima Lucchese Olii E. Vini v. Catania Spagna Corp.*, 440 F.Supp. 461, 462 (D.Mass.1977) (Freedman, J.); *see also BMJ Foods Puerto Rico, Inc. v. Metromedia Steakhouses Co.*, 562 F.Supp.2d 229, 231 (D.P.R. 2008) (McGiverin, M.J.); *Delta Dental v. Blue Cross & Blue Shield*, 942 F.Supp. 740, 743–46 (D.R.I.1996) (Lagueux, C.J.) (affirming remand order issued by Boudewyns, M.J.); *Jacobsen v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.*, 594 F.Supp. 583, 586 (D.Me.1984) (Carter, J.) (affirming remand order issued by Hornby, M.); *Lafazia v. Ecolab, Inc.*, 2006 WL 3613771, at *1 (D.R.I. Dec. 11, 2006) (Almond, M.J.); *but see Hart Enters., Inc. v. Cheshire Sanitation, Inc.*, 1999 WL 33117188, at *1 (D.Me. Apr. 14, 1999) (Cohen, M.J.) (assuming opposite view). A host of district and magistrate judges from other circuits support this broad exercise of magistrate judge authority. *See, e.g., Johnson v. Wyeth*, 313 F.Supp.2d 1272, 1272–73 (N.D.Ala.2004) (collecting cases); *Young v. James*, 168 F.R.D. 24, 26–27 (E.D.Va.1996); *City of Jackson v. Lakeland Lounge of Jackson, Inc.*, 147 F.R.D. 122, 123–24 (S.D.Miss.1993).

On the other hand, four courts of appeals—the Second, Third, Sixth, and Tenth Circuits—have concluded otherwise, *i.e.*, that a remand motion is a "dispositive" matter for which a magistrate judge may offer only a "recommended" ruling pursuant to Fed.R.Civ.P. 72(b) and section 636(b)(1)(B). *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir.2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir.2001); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 994–97 (10th Cir.2000); *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir.1998). The most recent of those decisions, in fact, implies that the First Circuit might eventually align itself with this position. *See Williams*, 527 F.3d at 265 (citing *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 5–6 (1st Cir.1999)).

For present purposes, however, this court believes that the most practical solution is to do essentially what it did in *Therrien v. Hamilton*, 881 F.Supp. 76, 77–78 (D.Mass.1995) (rep. and rec. adopted by Ponsor, J.), that is, offer the district court a recommendation on the outstanding remand motions in the first two cases at bar, apply that recommendation to the third case (where remand is also an issue), and move on. *See also Venable v. T–Mobile USA, Inc.*, 2007 WL 4270809, at n. 1 (D.Me. Dec. 3, 2007) (Kravchuk, M.J.) (deciding that, to avoid the debate, "[t]he foolproof approach [is to] offer the Court a

recommendation on the motion" to remand). Perhaps in a future remand case, the court will be in a better position to explore in greater detail the legislative, policy and constitutional concerns underlying this issue. For the moment, however, and in the interest of moving these particular cases along expeditiously, the court will report and recommend these rulings.

## II. BACKGROUND

Plaintiff is no stranger to litigation in the Western Division of this district, having filed at least eight previous actions, all without success.[1] Like some of his prior attempts, Plaintiff's latest three complaints allege, in essence, that Defendants harmed him (and in certain cases violated his constitutionally protected rights) with respect to his requests to live and work on property located at 123 Pine Street in Holyoke.

Because the first two complaints at bar ostensibly contained federal questions, Defendants removed them here on May 29, 2008. The third complaint was filed here directly on July 10, 2008. In due course, this court, upon referral from District Judge Michael A. Ponsor, held initial scheduling conferences in the first two cases and, in the third, granted Plaintiff's motion to proceed *in forma pauperis.*

Since these preliminary events, Defendants point out that several things have happened. First, in August and September of 2008, Plaintiff filed three new lawsuits in various state courts of the Commonwealth. Those actions, like a number of other preexisting state actions, also concern Plaintiff's requests to live and work on the Pine Street property. Second, on October 15, 2008, the City filed a request with the Chief Justice for Administration and Management of the State Trial Court—pursuant to Trial Court Rule XII, Requests for Interdependent Judicial Assignments (hereinafter "Rule XII")—to have one judge handle the now eleven lawsuits between Plaintiff and the City in various fora. (See Document No. 9 in 08cv30106–MAP, Exhibit (hereinafter "the City's Rule XII Request").)[2]

## III. DISCUSSION

Given the developments noted above, Defendants now argue that, despite this court having subject matter jurisdiction, remand of the federal cases would serve the interests of judicial economy and avoid conflicting and/or inconsistent rulings. In support, Defendants cite *Mensah v. World Truck Corp.,* 210 F.Supp.2d 320 (S.D.N.Y. 2002), and *Morze v. Southland Corp.,* 816 F.Supp. 369 (E.D.Pa.1993). Both cases are distinguishable.

*Mensah,* to be sure, is somewhat similar to the present circumstances, at least at first blush. The defendants there sought

---

1. *See Stefanik v. Hall, et al.,* 07cv30020–MAP (defendants' motion to dismiss allowed); *Stefanik v. Reno, et al.,* 06cv30049–MAP (defendants' motion for summary judgment allowed); *Stefanik v. Abrashkin, et al.,* 03cv30240–MAP (dismissed under 28 U.S.C. § 1915); *Stefanik v. Hampden County Comm'rs, et al.,* 98cv30133–MAP (defendants' motion for summary judgment allowed); *Stefanik v. Friendly Ice Cream,* 98cv30114–MAP (defendant's motion for summary judgment allowed; subsequent appeal dismissed for lack of prosecution); *Stefanik v. Nynex Corp., et al.,* 98cv30106–MAP (defendants' motion to dismiss allowed); *Stefanik v. Ashe, et al.,* 96cv30235–FHF (defendants' motion to dis-

miss allowed); *Stefanik v. Hampden County House of Correction, et al.,* 96cv30135–MAP (defendants' motion for summary judgment allowed).

2. In its Rule XII Request, the City makes mention of the three federal cases and asserts that, if its request is allowed, it would seek to remand at least the first two federal matters to state court. *(Id.)* It appears that Defendants chose to pursue their motions to remand before any ruling on the City's Rule XII Request, and this court remains unaware of whether the City's request has been granted.

to remand a case, albeit late, that they had earlier removed so that the case could be consolidated with two new state actions arising out of the same incident. *Id.,* 210 F.Supp.2d at 321. The district court agreed, finding that "[i]n an effort to avoid piecemeal litigation and the risk of inconsistent and contradictory results, ... the interests of justice will be served by remanding this matter to the state court in which it was originally filed." *Id.* at 322.

On closer examination, however, *Mensah* is distinguishable from the instant matters on both the facts and the law. Most importantly, both parties in *Mensah,* a diversity case, supported remand, which support was key to the court's waiving the requirement of 28 U.S.C. § 1447(c) that a motion to remand be filed within thirty days after notice of removal. *See id.* at 321 & n. 1 (court noted that since it was unable "to locate any statutory or case law addressing this situation" it would rely on the parties' mutual consent to allow the late-filed remand motion). Here, in sharp contrast, Plaintiff did not seek remand when the two cases were removed by Defendants, nor does he agree to remand now. Moreover, Defendants' motions for remand were filed well beyond the thirty-day window. Accordingly, the strictures of 28 U.S.C. § 1447(c) remain in place. *See* 14C C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3d ("Wright, Miller & Cooper") § 3739 ("The expiration of this [thirty-day] time period bars both a motion by one of the parties and a *sua sponte* remand by the district court.") (citing cases).

The decision in *Morze,* another diversity case, is equally distinguishable. Although the court granted the plaintiff's late–filed motion to remand—again with the parties' mutual consent—it did so, properly in this court's estimation, based on the provisions of 28 U.S.C. § 1447(e). *Id.,* 816 F.Supp. at 370–31. Section 1447(e) allows remand, even after the expiration of the thirty-day limit set forth in section 1447(c), where joinder of additional defendants in a diversity case would destroy subject matter jurisdiction.[3] Indeed, the *Morze* court indicated that section 1447(e) "compels the court to consider, whether in the interests of justice, a case should be remanded back to State court." *Id.,* 816 F.Supp. at 370. In addition, the court explained, section 1447(e) "gives the court more flexibility than a strict Rule 19 analysis does by not barring late permissible joinder and by not requiring dismissal following a mandatory joinder of a non-diverse defendant." *Id.* at 370–71 (quoting Wright, Miller & Cooper § 3739).

Here, in contrast, Defendants removed Plaintiff's two cases because of federal questions, not diversity. Accordingly, the justification for the *Morze* remand, centered as it was on section 1447(e) and the looming destruction of diversity jurisdiction, simply does not apply. Since the equities broadly invoked in *Morze* are not triggered, *see also Casas Office Machs., Inc. v. Mita Copystar Am., Inc.,* 42 F.3d 668, 674 (1st Cir.1994) (noting that section 1447(e) "relates expressly to joinder"); *Kelley v. Vt. Mut. Ins. Co.,* 407 F.Supp.2d 301, 305–06 (D.Mass.2005) (setting forth factors to be considered under section 1447(e) in circumstances where joinder would destroy diversity and force a remand), that case, like *Mensah,* provides no justification for a remand.

---

**3.** In full, section 1447(e) provides as follows: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e).

This court, of course, recognizes that Defendants (or at least the City) are now confronted with about eleven lawsuits in various courts, mostly state. Thus, as a practical matter, remand of the three federal cases, together with a possible consolidation of the state cases pursuant to Rule XII, might well ensure that "all of the claims of the parties will be heard in one forum, reducing the risk of inconsistent results and allowing for a comprehensive resolution of th[ese] conflict[s]." *Mensah*, 210 F.Supp.2d at 322. Unfortunately for Defendants, however, there is simply no authority for such remand.

Put differently, when Defendants themselves removed two of Plaintiff's complaints to this forum, they did so at their peril.[4] The fact that Defendants now seek remand of these very cases, albeit for reasons avowedly unrelated to their original removal, borders on forum shopping. *Compare Morze*, 816 F.Supp. at 371. Moreover, the court's own preference to avoid Plaintiff's penchant for litigation (see n. 4)—whether applied to the two removed cases or the third case originally filed here

by Plaintiff—is, likewise, of little moment. *Cf. Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 344, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976) ("[A]n otherwise properly removed action may no more be remanded because the District Court considers itself too busy to try it than an action properly filed in the federal court in the first instance may be dismissed or referred to state courts for such reason.").

## IV. CONCLUSION

For the reasons stated, the court hereby recommends that Defendants' motions to remand in the first two cases be DENIED and that the third case, as well, remain in this forum.[5]

---

4. In this vein, it is worth noting that Defendants removed Plaintiff's first two cases *after* this court, in yet another *pro se* matter filed by Plaintiff (against the Town of Huntington and its officials), enjoined him from filing any further lawsuit in this forum without first seeking leave and demonstrating a good-faith basis for his complaint. *See Stefanik v. Hall*, 07cv30020–MAP (Mem. & Order, Mar. 13, 2008). As it turns out, this hurdle was only barely surmounted in the third case at bar (08cv30136–MAP). *See Stefanik v. City of Holyoke*, 08mc30012–MAP (Mem. & Order, July 10, 2008). Thus, despite the court's stated reluctance to provide a federal forum for Plaintiff's litigious bent, Defendants, as described, subsequently removed two of Plaintiff's state cases to this forum.

5. The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachu-

setts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed finds or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega*, 678 F.2d 376, 378–379 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1 st Cir.1980). *See also Thomas v. Arn*, 474 U.S. 140, 154–55, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).