**Caroline DELIA, Plaintiff,**

v.

**VERIZON COMMUNICATIONS, INC., Malvern Smallwood and Verizon Directories Services, East, Inc., Defendants.**

**Civil Action No. 08–10054–NMG.**

United States District Court,
D. Massachusetts.

June 29, 2009.

Stephanie A. Bruce, Palmer & Dodge, LLP, John D. Hughes, Edwards & Angell, LLP, Boston, MA, Timothy F. Stark, Stark & Shimer LLC Andover, MA, for Plaintiff.

Kristin A. Hartman, Sean C. Joanis, John A. Kiernan, Bonner, Kiernan, Trebach & Crociata One, Boston, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

In this case, plaintiff Caroline DeLia ("DeLia") claims that she was constructively discharged from her job at Idearc Media Services, Inc. ("Idearc"), apparently a wholly-owned subsidiary of Verizon Communications, Inc. ("Verizon"), due to the alleged inappropriate conduct of her supervisor, Malvern Smallwood ("Smallwood").[1] Defendants Verizon and Idearc have moved for summary judgment, to which DeLia has responded, pursuant to Fed.R.Civ.P. 56(f), that she is unable, without limited discovery, to provide facts essential to her opposition to that motion.

### I. *Background*

#### A. Facts

DeLia alleges that she was an employee of both corporate defendants for approximately 16 years. She claims that on several occasions while she was at work, defendant Smallwood sexually harassed her and threatened her by, *inter alia*, 1) offering her unwanted gifts, 2) making inappropriate comments, 3) showing her pictures of himself wearing only underwear, 4) telling her about a women he claimed to have stalked previously and 5) screaming at her in a threatening manner on three separate occasions on September 12, 2005. As a result, DeLia allegedly feared for her safety and suffered severe emotional distress.

The plaintiff also claims that the corporate defendants did not respond adequately when she complained of Smallwood's conduct. Representatives of Verizon and/or Idearc stated that they had conducted an investigation and security assessment of Smallwood, but DeLia does not believe that they actually did so. Although DeLia's desk was moved thirty feet farther away from Smallwood's desk, her request to be allowed to work from

1. Idearc was formerly known as Verizon Directories Services—East, Inc.

home was denied. Ultimately, DeLia considers herself to have been "constructive[ly] discharge[d]" from her employment on or about September 12, 2005, due to Smallwood's behavior and the other defendants' failure to provide reasonable accommodation and a workplace free from harassment and danger. She was formally terminated from her employment on or about November 1, 2006.

## B. Procedural History

On December 15, 2007, DeLia filed an amended complaint in the Massachusetts Superior Court for Essex County against Verizon and Smallwood as well as Verizon Information Services, Inc., Verizon Superpages and Idearc Media Corp. On January 28, 2008, Idearc Media Corp. removed the case to this Court.[2] Two months later, the parties stipulated to dismissal without prejudice of Verizon Information Services, Inc., Verizon Superpages and Idearc Media Corp.

At the same time, DeLia filed a second amended complaint against Verizon, Idearc and Smallwood alleging employment discrimination in violation of M.G.L. c. 151B, § 4 (Count I); discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2 (Count II); intentional infliction of emotional distress (Count III); negligence for failure to provide a safe working environment (Count IV) and negligent infliction of emotional distress (Count V). At a status conference held on May 1, 2009, the Court allowed DeLia to amend her complaint to add three more claims against Verizon and Idearc: retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq.* (Count VI), violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (Count VII) and breach of contract (Count VIII).

Currently pending before the Court is a motion for summary judgment based on the second amended complaint filed by Verizon and Idearc in December, 2008, in which the defendants contend that 1) Verizon, as the parent company of Idearc, is not DeLia's employer and is not liable to her for any of the actions or omissions she alleges and 2) the common law claims contained in Counts III, IV and V are preempted by statute. DeLia did not file an opposition to that motion but instead responded about a week later with a motion pursuant to Fed.R.Civ.P. 56(f) for a continuance because discovery had not been completed.

Counsel for DeLia submitted a supporting affidavit stating that the defendants have refused to answer interrogatories and requests for production of documents she served on them in July, 2008, and thus "have not afforded [DeLia] a full and equitable opportunity to rebut the factual assertions upon which their Motion for Summary Judgment is based." DeLia also contends that summary judgment based on the second amended complaint would be improper in light of the third amended complaint that has since been filed. Verizon and Idearc have opposed the Rule 56(f) motion.

## II. *Legal Analysis*

### A. Legal Standard for Motions Brought Pursuant to Fed.R.Civ.P. 56(f)

Pursuant to Fed.R.Civ.P. 56(f), if a party opposing a motion for summary judgment shows by affidavit that, for specified reasons, it cannot provide facts essential to justify its opposition, the court may:

(1) deny the motion;

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(3) issue any other just order.

When, as here, the party specifies incomplete discovery as the reason for the motion, he or she should 1) "show good cause for the failure to have discovered the facts sooner," 2) "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist"

**2.** Although it appears that the other defendants did not consent to the removal, thus rendering the case remandable, that issue has been waived because more than 30 days have elapsed since removal. *See* 28 U.S.C. § 1447(c); *Chi., Rock Island, & Pac. Ry. Co. v. Martin,* 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900).

and 3) "indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Resolution Trust Corp. v. N. Bridge Assocs., Inc.,* 22 F.3d 1198, 1203 (1st Cir.1994).

### B. Application

 Although DeLia has satisfied the first *Resolution Trust* requirement with her explanation that she could not file an opposition to the defendants' motion due to their failure to respond to her discovery requests, she has failed to satisfy the other two requirements, which she entirely fails to address in the memorandum and affidavit supporting her motion.

At the status conference held in May, 2009, counsel for DeLia was provided an opportunity to address those requirements but merely stated in conclusory fashion that further discovery would reveal that Verizon had control over Idearc, thus implying that DeLia could pierce the corporate veil between the two companies. That premise is inadequate as a matter of law. *See Scott v. NG U.S. 1, Inc.,* 450 Mass. 760, 881 N.E.2d 1125, 1131 (2008) (noting that "control, even pervasive control, without more, is not a sufficient basis for a court to ignore corporate formalities"). Counsel for DeLia offered no support for her assertion other than the facts that 1) her pay stubs contained Verizon's logo and 2) Verizon's Code of Conduct expressly applies to its subsidiaries.

Moreover, plaintiff's attempt to pierce the corporate veil is entirely unrelated to the preemption issue raised by the defendants concerning Counts III, IV and V. Thus, DeLia has not explained why she was unable to respond to the defendants' motion for summary judgment in that respect and her Rule 56(f) motion is unavailing.

### C. Pending Motion for Summary Judgment

 Verizon and Idearc's motion for summary judgment, although filed before this Court allowed DeLia to file a third amended complaint, was not rendered moot by that occurrence. Indeed, when the defendants filed their motion, the then-proposed third amended complaint had already been posted on the docket and the defendants addressed at least some of the allegations contained therein. The defendants' motion will, therefore, be treated as a motion for summary judgment with respect to the third amended complaint.

### ORDER

In accordance with the foregoing, the plaintiff's motion pursuant to Fed.R.Civ.P. 56(f) (Docket No. 29) is **DENIED** and the plaintiff shall file an opposition to the defendants' motion for summary judgment (Docket No. 25), if any, on or before July 13, 2009.

**So ordered.**