**Oymara Giraud PINEIRO, Plaintiff,**

v.

**ORIENTAL GROUP, et al., Defendants.**

**Civil No. 07–2068 (DRD).**

United States District Court, D. Puerto Rico.

Aug. 25, 2010.

Ivan Pasarell–Jove, San Juan, PR, for Plaintiff.

Alfredo Fernandez–Martinez, Carolina Santa Cruz–Sadurni, Delgado & Fernandez, San Juan, PR, for Defendants.

## OPINION AND ORDER

DANIEL R. DOMÍNGUEZ, District Judge.

### I.  BACKGROUND

Presently before the Court is the *United States of America's Motion to Set Aside Order of Remand* (Docket No. 36), filed on October 14, 2009. To date, that motion remains unopposed. Therein, the United States argues that the Court improperly remanded this case, which the United States had previously removed from state court. Specifically, the United States asserts that the Court should not have remanded the case *sua sponte* for failure to comply with a procedural requirement for removal, namely the thirty day period for removal under 28 U.S.C. § 1446(b), which was applicable to the United States as a civil defendant.

The United States filed its *Notice of Removal* (Docket No. 1) in the instant case on November 7, 2011, stating that it was a co-defendant in a civil action pending in the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court, San Juan Part. This action began as a claim by a depositor ("Plaintiff") against her bank for reimbursement of moneys deducted from her account. The moneys were deducted from Plaintiff's bank account pursuant to an order entered by another District Judge for the District of Puerto Rico, relating to a confiscation request made by the United States. Thus, the United States Department of Justice was named as a Defendant. Consequently, the defendants in the instant case include both Plaintiff's bank, Oriental Group, and the United States Department of Justice. The United States cited the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* as the basis for removal, noting that the Act provides the exclusive remedy for a claimant seeking recovery of damages based upon the allegedly tortuous conduct of a federal agency or employee acting within the scope of his or her employment.

Plaintiff never responded to the United States' *Notice of Removal,* and never requested that the matter be remanded to state court. However, on September 30, 2009, the Court, having duly noted that the United States exceeded the thirty day statutory period for removal, entered an order[1] *sua sponte* remanding the matter to state court for failure to file the notice of removal within the statutory period (Docket Nos. 32 & 33). Judgment was entered accordingly (Docket No. 34).

## II. STANDARD FOR RECONSIDERATION

It is settled that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." *Marks 3 Zet–Ernst Marks GmBh & Co. KG v. Presstek, Inc.,* 455 F.3d 7, 15–16 (1st Cir.2006). Thus, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the Court. *See Standard Quimica de Venezuela v. Central Hispano Int'l, Inc.,* 189 F.R.D. 202, 205 FN. 4 (D.P.R.1999). Rather, these motions are entertained by courts if they seek to correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law. *See Prescott v. Higgins,* 538 F.3d 32, 45 (1st Cir.2008); *see also Rivera Surillo & Co. v. Falconer Glass Indus., Inc.,* 37 F.3d 25, 29 (1st Cir.1994) (citing *F.D.I.C. v. World University, Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). Accordingly, parties "should not use them to raise arguments which could, and should, have been made before judgment issued." *F.D.I.C.,* 978 F.2d at 16 (internal quotation omitted). Further, these motions may not be used to "argue a new legal theory" or to "repeat old arguments previously considered and rejected." Parties should be cautioned that "a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." *Williams v. City of Pittsburgh,* 32 F.Supp.2d 236, 238 (W.D.Pa.1998). Ultimately, a motion for reconsideration is unavailable if said request simply highlights a point of disagreement between the court and the litigant, or is used to reargue matters already properly disposed of by the Court. *See e.g. Waye v. First Citizen's*

---

1. The order was amended on that same day due to a typographical error in its title.

*National Bank,* 846 F.Supp. 310, 314 n. 3 (M.D.Pa.1994).

## III. REMOVAL AND REMAND

Under 28 U.S.C. § 1446(a) and (b), a defendant may remove a civil proceeding from a state court to federal court by filing a notice of removal with the federal court within ninety days of receiving the initial pleading from the state court. 28 U.S.C. § 1446(a) & (b). In turn, the plaintiff in such a case may file a motion to remand to state court. *See* 28 U.S.C. § 1447.

However, a motion to remand based on "any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). "After the expiration of the 30–day period following the filing of the removal notice, the right to object to nonjurisdictional defects in the removal process is considered waived." 14C C. Wright, A. Miller, E. Cooper & J. Steinman, Federal Practice & Procedure, 3d § 3739. Although the First Circuit has not confronted the issue, Courts of Appeals which have tackled the issue agree unanimously that failure to raise any nonjurisdictional basis for remand, including untimely removal, within the statutory time period results in waiver of the argument for remand, whether remand is upon motion by the plaintiff or granted *sua sponte* by the Court. *See Advanced Bodycare Solutions, LLC v. Thione Intern., Inc.,* 524 F.3d 1235 (11th Cir.2008)(untimely removal constitutes a procedural defect which is waived by plaintiff if not timely raised as grounds for remand and may not be grounds for *sua sponte* remand); *see*

also *Bloom v. Metro Heart Grp. of St. Louis, Inc.,* 440 F.3d 1025 (8th Cir.2006)(finding that plaintiff waived an argument for waiver by not raising it in a timely manner); *see also Payne ex rel. Estate of Calzada v. Brake,* 439 F.3d 198 (4th Cir.2006)(plaintiff waives right to challenge removal for any grounds other than lack of subject matter jurisdiction where challenge is untimely); *see also DeLia v. Verizon Comm'cns, Inc.,* 258 F.R.D. 189 (D.Mass.2009); *see also Stefanik v. City of Holyoke,* 597 F.Supp.2d 184 (D.Mass.2009)(quoting 14C C. Wright, A. Miller, E. Cooper & J. Steinman, Federal Practice & Procedure, 3d § 3739 for the proposition that the expiration of the thirty day time period "bars both a motion by one of the parties and a *sua sponte* remand by the district court").

■ In the instant case, the Court remanded the proceedings to state court based on a procedural error [2] (Docket No. 36). Specifically, the Court remanded because the United States' request for removal was untimely by thirty days. However, the thirty day period for Plaintiff to raise this argument for remand had already passed [3] at the time when the Court entered its order and Plaintiff had filed no such motion. Further, as the reason for which the Court remanded was procedural, rather than jurisdictional, the Court lacked the discretion to order the remand. *See e.g.* 14C C. Wright, A. Miller, E. Cooper & J. Steinman, Federal Practice & Procedure, 3d § 3739. Thus, the Court made an error of law when it entered the remand order in the instant case and reconsideration of the Court's order and subsequent entry of judgment is appropriate under

**2.** It is uncontested that the Court exercises subject matter jurisdiction over the instant case as the United States was a party and moved for removal. *See* 28 U.S.C. § 1442.

**3.** The *Notice of Removal* (Docket No. 1) in the instant action was filed on November 11, 2007 and the Court's *Order of Removal (sic)* (Docket No. 32) *and Amended Order of Remand* (Docket No. 33) were filed on September 30, 2009.

Rule 59(e). *See Prescott*, 538 F.3d at 45; *see also Rivera Surillo & Co.*, 37 F.3d at 29. Consequently, the Court hereby **GRANTS** the United States' *Motion to Set Aside Order of Remand* (Docket No. 36). The Clerk shall vacate the order or removal and reinstate the instant case to the Court's docket.

**IT IS SO ORDERED.**