**In re: Blake BLATTER,**

**Blake Blatter; et al., Petitioners,**

**v.**

**United States District Court for the District of Montana, Respondent,**

**Martha L. Denton, Real Party in Interest.**

No. 06–74848.

United States Court of Appeals, Ninth Circuit.

Submitted June 6, 2007.*

Filed July 6, 2007.

Steven R. Milch, Esq., Crowley Haughey Hanson Toole & Dietrich, PLLP, Billings, MT, for Petitioners.

Terry F. Schaplow, Esq., Bozeman, MT, for Real Party in Interest.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON and IKUTA, Circuit Judges, and MOSKOWITZ **, District Judge.

### MEMORANDUM ***

This is a petition for a writ of mandamus or writ of prohibition, directed to the United States District Court for the District of Montana. Real party in interest, Plaintiff Martha Denton, brought the underlying action against petitioners Blake Blatter, Clark Carpenter, and Park County (collectively "County Petitioners") on April 5, 2006, in a Montana state district court. Plaintiff alleged seven causes of action, including a federal civil rights claim under 42 U.S.C. § 1983. County Petitioners removed the case to the United States District Court for the District of Montana on May 18, 2006, contending that the district court had original jurisdiction over the federal claim. Plaintiff filed a motion to remand, and on September 12, 2006, the district court entered an order remanding the case. County Petitioners then filed a motion for reconsideration. The district court denied the motion on October 4, 2006. County Petitioners filed this petition for a writ of mandamus on October 12, 2006, requesting that this court vacate the district court's order granting Plaintiff's motion to remand.

Generally, 28 U.S.C. § 1447(c) and (d) bar appellate review of a district court's remand order. We must therefore determine whether we have jurisdiction to review the petition. We have provisional jurisdiction under the All Writs Act, 28 U.S.C. § 1651, and we have jurisdiction to determine whether we have jurisdiction to hear the case, see *United States v. Ruiz*, 536 U.S. 622, 628, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002). For the reasons set forth below, we find that we lack jurisdiction to review the petition.

Section 1447(d) states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).[1] Despite this broad prohibition, the Supreme Court has held that § 1447(d) must be read together with § 1447(c) such that § 1447(d) precludes review only of remands made pursuant to a ground enumerated in § 1447(c). *See Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345–46, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976) ("[O]nly remand orders issued under § 1447(c) and invoking the grounds specified therein that removal was improvident and without jurisdiction are immune from review under § 1447(d)."), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996); *see also Bennett v. Liberty Nat'l Fire Ins. Co.*, 968 F.2d 969, 970 (9th Cir.1992) (recognizing that appellate review is available if the remand is based on a ground not enumerated in § 1447(c)). "Section 1447(c) states that remand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure." *Aguon–Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1240 (9th Cir.2006); *see also* 28 U.S.C. § 1447(c). The statute further states that a motion to remand for any defect other than lack of subject matter jurisdiction must be made within thirty

---

** The Honorable Barry T. Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Section 1447(d) makes one exception and allows appellate courts to review cases removed pursuant to § 1443. *See* 28 U.S.C. § 1447(d). Here, the case was removed pursuant to 42 U.S.C. § 1441, and the parties do not argue that the exception allowing review under § 1443 applies.

days after the filing of the notice of removal under § 1446(a). *See* 28 U.S.C. § 1447(c). Therefore, a remand order is not reviewable if (1) the district court lacked subject matter jurisdiction, or (2) the moving party filed a timely motion raising any defect other than a lack of subject matter jurisdiction.

We conclude that the district court remanded this case for lack of subject matter jurisdiction when it relied on *Duncan v. Stuetzle,* 76 F.3d 1480 (9th Cir.1996), to determine that the case did not present a federal question. Regardless whether the district court was correct in its application of *Duncan,* because we conclude that it remanded the case on the basis that it lacked subject matter jurisdiction, we do not have jurisdiction to review the petition. *See Kircher v. Putnam Funds Trust,* —— U.S. ——, 126 S.Ct. 2145, 2153, 165 L.Ed.2d 92 (2006).[2] The petition for writ of mandamus is **DISMISSED.**

---

**2.** Until recently, the correctness of the district court's determination was irrelevant to our inquiry whether we had jurisdiction; the only question was whether the remand order was purportedly based on one of the grounds contained in § 1447(c) and (d). *See Kircher,* 126 S.Ct. at 2154 ("Where a remand order is based on one of § 1447(c)'s grounds, review is unavailable no matter how plain the legal error in ordering the remand."). The Supreme Court modified this standard in *Powerex Corp. v. Reliant Energy Services, Inc.,* —— U.S. ——, 127 S.Ct. 2411, 168 L.Ed.2d 112 (2007). *See id.* at 2418 (noting that appellate courts *may* have jurisdiction to review district court orders granting remand motions, but that review is limited to confirming that the district court's "characterization" that it lacked subject matter jurisdiction was "colorable"). *Powerex* does not change our analysis

because the district court did not *mischaracterize* the basis for its remand. Rather, the district court *misapplied* Ninth Circuit law when it concluded that it lacked subject matter jurisdiction. Although we find that the district court clearly misapplied *Duncan v. Stuetzle,* 76 F.3d 1480 (9th Cir.1996), the Supreme Court has not yet held that we may review a case where the district court *misapplied*—rather than *mischaracterized*—the law. In fact, the Supreme Court has specifically held the opposite. *See Thermtron,* 423 U.S. at 343–51, 96 S.Ct. 584 ("If a trial judge purports to remand a case on the ground [covered by 1447(c)] his order is not subject to challenge in the court of appeals by appeal, by mandamus, or otherwise ... whether or not that order might be deemed erroneous by an appellate court").