**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr>
<td>TIMOTHY P. DEMARTINI; MARGIE DEMARTINI,<br><br> <em>Plaintiffs-Appellees</em>, <br><br> v. <br><br>MICHAEL J. DEMARTINI; RENATE DEMARTINI,<br><br> <em>Defendants-Appellants.</em> </td>
<td>Nos. 17-16400<br>18-15882<br><br>D.C. No.<br>2:14-cv-02722-<br>JAM-CKD<br><br><br>OPINION</td>
</tr>
</table>

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted December 11, 2019
Pasadena, California

Filed July 6, 2020

Before: Diarmuid F. O'Scannlain and Richard A. Paez,
Circuit Judges, and Michael H. Simon,* District Judge.

Opinion by Judge O'Scannlain

---

* The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

## SUMMARY[**]

### Jurisdiction / Remand

The panel dismissed an appeal seeking review of the district court's order remanding back to state court a partnership dissolution claim in an action that was originally filed in state court and removed to federal court.

During discovery, a report showed that a parcel of the property at issue was held by a partnership that included a trustee that destroyed the previously complete diversity of the parties. The district court determined that the partnership dissolution claim could not proceed without joinder of the trustees, but the other claims could proceed without joinder. The district court acknowledged that Fed. R. Civ. P. 19(b) would ordinarily require it to dismiss the action, but the district court determined that 28 U.S.C. § 1447(e) authorized the alternative of remand. The district court severed the partnership dissolution claim from the rest of the case, and remanded only that claim for resolution in state court.

28 U.S.C. § 1447(d) states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."

The panel held that § 1447(d)'s prohibition of appellate review applied to this appeal, and rejected appellants' arguments to the contrary. First, appellants argued that § 1447(d)'s limitation on the review of remand orders should

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

be construed to apply only to remand orders issued pursuant to § 1447(c) and not, as here, § 1447(e).  The panel held that § 1447(d) deprived the court of jurisdiction to review remand orders that were issued pursuant to § 1447(e) and that invoked the grounds specified in that subsection. Second, the panel held that appellants' accusation of legal error – that the district court erroneously concluded that the joinder of trustees destroyed the parties' diversity – did not permit this court to sidestep the command of § 1447(d). Third, appellants contended that § 1447(d) did not bar this court's review of this remand order because the district court remanded a single *claim* to state court, while § 1447(d) prevented the review of orders remanding a *case*.  The panel held that this argument ignored that the effect of the district court's severance of the dissolution claim from the other claims was to create a separate case – a case that it then remanded.

Appellants also asserted that the joinder that occasioned the remand was separable from the remand.  An antecedent determination is separable from the remand order when it (1) preceded the remand order in logic and fact; and (2) was conclusive, i.e. functionally unreviewable in state courts. *City of Waco v. United States Fidelity & Guaranty Co.*, 293 U.S. 140 (1934). At step one, the panel held that the antecedent determination was not a *City of Waco*-type dismissal of all claims against the diverse party, but rather the joinder of a diversity-destroying party.  Section 1447(e) did not permit separate consideration of joinder and remand because they were one and the same. The panel also held that the district court's joinder of the trustees failed to meet the second requirement: that the antecedent order be conclusive on the issue it decided.  The panel concluded that, because the state court may dismiss the trustees, the joinder in this case is not conclusive and hence not reviewable.

In holding that the joinder of a diversity-destroying party was not separable from a § 1447(e) remand order and was therefore unreviewable, the panel joined the Fourth Circuit, and differed from the Fifth and Third Circuits, which had distinguishable cases.

The panel held that it need not decide whether § 1447(d) barred review of pre-remand decisions to sever claims because appellants expressly waived any objection on the merits of the district court's severance of the partnership dissolution claim.

The panel held that mandamus relief was an extraordinary remedy that was neither warranted nor permissible here.

The panel addressed the parties' related appeals in a memorandum disposition filed concurrently with this opinion.

---

## COUNSEL

Kathryn M. Davis (argued), Law Office of Kathryn M. Davis, Pasadena, California, for Defendants-Appellants.

David B. Dimitruk (argued), Law Offices of David B. Dimitruk, Tustin, California, for Plaintiffs-Appellees.

**OPINION**

O'SCANNLAIN, Circuit Judge:

This case originated in state court, was removed to federal court, and subsequently was remanded back to state court. We are called upon to decide whether we have jurisdiction, nevertheless, to review the district court remand order that also amended the complaint to add a diversity-destroying defendant and severed the affected claim for disposition in state court.

I

A

Timothy and Michael DeMartini are brothers who, along with their wives, co-own adjacent commercial properties in Grass Valley, California. The first parcel, 12731 Loma Rica Drive ("the 12731 parcel"), is held by DeMartini & Sons, an oral partnership formed in the late 1970s by Timothy, Michael, and their father, James Paul DeMartini. The nature of the brothers' joint ownership of the second parcel, 12759 Loma Rica Drive ("the 12759 parcel"), is contested. Michael and his wife Renate DeMartini claim that the parcel is also held by a partnership, but Timothy and his wife Margie DeMartini claim that the parcel is held by the couples as tenants in common.

Seeking to fund further development of the 12759 parcel, Timothy, Margie, Michael, and Renate took out a $250,000 loan from Westamerica Bank in 1998. When the loan came due in 2014, Michael and Renate wanted to extend the due date but Timothy and Margie did not. After a short extension, Timothy and Margie unilaterally paid the loan's $137,212.51 outstanding balance. Claiming that the couples

had an agreement to share the burden of the loan fifty-fifty, Timothy and Margie demanded that Michael and Renate pay their share. Michael and Renate refused, asserting that the 12759 parcel was held by a partnership and that Timothy and Margie's unilateral action breached the partnership agreement. Michael and Renate also claimed that Timothy and Margie had closed a partnership bank account and diverted income from the 12759 parcel to their personal account. Hence, in Michael and Renate's view, Timothy and Margie were required to apply the diverted accrued income from the 12759 parcel to the outstanding debt before asking Michael and Renate to cover half of the remainder.

B

Timothy and Margie DeMartini filed this lawsuit against Michael and Renate in California Superior Court on September 15, 2014. Michael and Renate promptly removed the case to federal district court, citing diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(a). The parties are completely diverse. Timothy and Margie are citizens of California, which is also where the Loma Rica Drive parcels are located, while Michael and Renate are citizens of Nevada.

A year after this case was filed and removed, the district court granted Timothy and Margie leave to amend their original complaint. Timothy and Margie now assert three claims for relief: (1) dissolution of the partnership that owns the 12731 parcel, (2) partition of the 12759 parcel, which they alleged was owned by the couples as tenants in common rather than as partners, and (3) damages for Michael and Renate's alleged breach of the contract to share half the obligation of the Westamerica loan. In response, Michael and Renate amended their answer and counterclaim, asserting several affirmative defenses and seeking declaratory relief and damages.

## C

The case proceeded to discovery. In late 2016, Timothy and Margie received a litigation guarantee report for the 12731 parcel that showed that the property was held by a partnership consisting of three titled partners: Timothy, Michael, and their deceased father, James Paul DeMartini. This revelation contradicted the first amended and then-operative complaint, which had alleged that Timothy and Michael had succeeded to their father's one-third share of the partnership assets. After further research, Timothy and Margie's attorneys determined that the James Paul DeMartini testamentary trust retained an interest in the partnership. On February 17, 2017—less than a week before the discovery cut-off—Timothy and Margie moved further to amend their complaint to join the trustees of their father's estate as defendants to the partnership dissolution claim. One such trustee is Michael and Timothy's brother, James C. DeMartini, a citizen of Colorado and, thus, not a threat to the district court's diversity jurisdiction. The other trustee, however, is Timothy. Adding him as a defendant not only causes a curious scenario in which Timothy in his individual capacity is potentially adverse to himself in his capacity as trustee; it also destroys the previously complete diversity of the parties.

The district court concluded that, due to the trust's interest in the 12731 parcel, it could not "in equity and good conscience" allow the partnership dissolution claim to proceed without joining the trustees as parties, thus destroying diversity. The other claims could proceed without joinder. Neither party claimed the trustees had an interest in the adjacent 12759 parcel, which was the subject of Timothy and Margie's partition action. Nor did they claim the trust to be a party to the alleged contract that

formed the basis of Timothy and Margie's breach of contract claim or to the alleged broader partnership that formed the basis of Michael and Renate's counterclaims.

Rather than dismiss the action or remand the entire case upon the joinder of the trustees, the district court decided on a third option. Noting that the case had been "vigorously litigated" and "a significant amount of judicial resources [had] been invested" during the two years before Timothy and Margie's attorneys received the litigation guarantee report, the district court determined that the "means best suited to accommodate the interests of all parties, and proposed parties," would be to sever the partnership dissolution claim from the rest of the case and to remand only that claim for resolution in state court.

Accordingly, in a single decree, the district court granted the motion to amend to add the trustees, severed the partnership dissolution claim, and remanded that claim to California Superior Court.

## D

Michael and Renate appeal the order amending, severing, and remanding the partnership dissolution claim ("the Order") (No. 17-16400). On its own, of course, such an order is not immediately appealable as either a final decision within the meaning of 28 U.S.C. § 1291 or under the collateral order exception. *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 947–48 (9th Cir. 2004).

However, after the summary judgment on all three counterclaims had been entered and a jury verdict on the breach of contract claim rendered, the district court directed entry of a Rule 54(b) partial final judgment. Michael and Renate now also appeal from that judgment and from the

denial of their post-trial motion for judgment as a matter of law or a new trial (No. 18-15882). This court then consolidated the appeal from the Order (No. 17-16400) with the subsequent appeal from the Rule 54(b) judgment and denial of the post-trial motion (No. 18-15882).

Before us, then, is the district court's order amending the complaint to add the trustees, severing the dissolution claim, and remanding it to state court. We address Michael and Renate's appeal from the entry of judgment on their three counterclaims and on Timothy and Margie's breach of contract claim in a memorandum disposition filed concurrently with this opinion. *See DeMartini v. DeMartini*, Nos. 17-16400 & 18-15882, — F. App'x — (9th Cir. 2020).

## II

The parties dispute whether we have jurisdiction to review the Order. Timothy and Margie assert that 28 U.S.C. § 1447(d) bars our review of the Order, while Michael and Renate contend that we have jurisdiction over it in its entirety.

## A

Section 1447(d) states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," with certain defined exceptions not relevant here. 28 U.S.C. § 1447(d).

In addition, § 1447, which governs procedure after removal, provides two separate authorizations for a district court's remand of a removed case. First, § 1447(c) stipulates that:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* § 1447(c). In other words, the district court may remand to state court only upon timely motion, unless there appears to be a defect in subject-matter jurisdiction, in which case the court must remand no matter the stage of the proceedings.

Second, § 1447(e) provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

*Id.* § 1447(e). Section 1447(e) addresses a lacuna in Federal Rule of Civil Procedure 19. When the joinder of a required party is not feasible because it would deprive the district court of subject-matter jurisdiction, Rule 19 directs the court to "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Section 1447(e) allows a third option: remand back to state court. *See Yniques v. Cabral*, 985 F.2d 1031, 1034 (9th Cir. 1993) ("Section 1447(e) engineers a 'departure' from the analysis required by Fed. R. Civ. P. 19 in that it allows the joinder of a necessary non-diverse party and a subsequent remand to state court.").

This appeal concerns a remand order citing § 1447(e) as its basis. After concluding that, "in equity and good conscience," it could not allow the action to proceed without the trustees, the district court acknowledged that Rule 19 would ordinarily require it to dismiss the action. However, because the case had been removed from state court, the district court determined that § 1447(e) authorized the alternative of remand, an alternative which it welcomed.

### B

Michael and Renate offer several options by which we could purportedly find an exception to § 1447(d)'s seeming prohibition on our review of the Order.

### 1

First, Michael and Renate urge that § 1447(d)'s limitation on the review of remand orders should be construed to apply only to remand orders issued pursuant to § 1447(c) and not, as here, § 1447(e). Although the Supreme Court once held that § 1447(d) must be read together with § 1447(c) such that "only remand orders issued under § 1447(c) and invoking the grounds specified therein . . . are immune from review under § 1447(d)," *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 346 (1976), Congress has since amended the statute to broaden subsection (c) and to add subsection (e), *see* H.R. 4807, 100th Cong. § 1016 (1988). Accordingly, in *Stevens*, we concluded that § 1447(d) deprives us of jurisdiction to review remand orders that were issued pursuant to § 1447(e) and that invoke the grounds specified in that subsection. 378 F.3d at 948–

49.[1] Every other circuit to consider the question agrees. *See, e.g.*, *Fontenot v. Watson Pharm., Inc.*, 718 F.3d 518, 520–21 (5th Cir. 2013); *Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636–37 (6th Cir. 2008); *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007); *In re Fla. Wire & Cable Co.*, 102 F.3d 866, 868–69 (7th Cir. 1996); *Washington Suburban Sanitary Comm'n v. CRS/Sirrine, Inc.*, 917 F.2d 834, 836 n.5 (4th Cir. 1990).

Michael and Renate assert that remands pursuant to § 1447(e) are discretionary and therefore reviewable, unlike remands pursuant to § 1447(c), which they say are

---

[1] In *Stevens*, our court decided that § 1447(d) is equally an impediment to review of remands under § 1447(e) as it is to review of remands under § 1447(c) without yet having had the benefit of the Supreme Court's discussion of the interrelationship between these three subsections in *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224 (2007). The discussion in *Powerex* provides another persuasive rationale for our holding in *Stevens*. As the Supreme Court made clear, Congress's addition of § 1447(e) was part and parcel of its broadening of the district court's authority to remand under § 1447(c). *See id.* at 231–32. Before 1988, § 1447(c) mandated remand to state court only for cases that had been improperly removed to federal court—i.e., cases in which there was a defect in subject-matter jurisdiction at the time of removal or in which the removal was procedurally improper. *See id.* at 231; *Thermtron*, 423 U.S. at 342. When § 1447(c) was broadened to authorize remands for cases with apparent defects in subject-matter jurisdiction even if the cases were properly removed, § 1447(e) was added to extend such a rule expressly to the circumstance of required, diversity-destroying joinder. In the absence of § 1447(e), an arguably incoherent rule would govern. Namely: a case removed under federal diversity jurisdiction in which an indispensable party appeared to be nondiverse must be remanded, unless that indispensable party had yet to be joined as a party to the action, in which case the district court would be required to *dismiss* the action under Rule 19, even late in the course of litigation and after the statute of limitations had expired. *See Yniques*, 985 F.2d at 1034–35; 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3739.1 (Rev. 4th ed. 2020).

mandatory and therefore unreviewable. Such argument confuses the nature of the district court's discretion under § 1447(e), and we rejected it in *Stevens*. 378 F.3d at 948–49.

Section 1447(c) remands are mandatory because once it appears that the district court lacks subject-matter jurisdiction the court must remand. But those under § 1447(e) are also mandatory because, once the diversity-destroying defendant has been joined under that subsection, the district court's only option is to remand. Likewise, if the district court does not join the diversity-destroying defendant, § 1447(e) does not authorize remand. As we explained in *Stevens*, it is the joinder that is discretionary, not the remand. *Id.* at 949.

Michael and Renate respond that *Stevens* is no longer good law because it was *sub silentio* overruled by the more recent case of *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933 (9th Cir. 2006). *Lively* was as much bound by *Stevens* as we are bound by them both. *See Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001) ("[A] later three-judge panel considering a case that is controlled by the rule announced in an earlier panel's opinion has no choice but to apply the earlier-adopted rule; it may not any more disregard the earlier panel's opinion than it may disregard a ruling of the Supreme Court.").

We again conclude that, no matter whether the district court issued the remand pursuant to § 1447(c) or, as here, pursuant to § 1447(e), § 1447(d)'s bar applies.

2

Second, Michael and Renate argue that § 1447(d) does not apply to review of this Order because, in their view, the

district court's conclusion that the joinder destroyed the parties' diversity was legal error. Although the caption of Timothy and Margie's proposed amended complaint listed Timothy, in his capacity as a trustee, as a defendant, Michael and Renate contend that the motion to join him as a party should have been read to add him as a plaintiff. They also contend that the district court failed to consider the full set of factors that govern the joinder of a diversity-destroying party.

It would negate § 1447(d) to hold (as Michael and Renate seem to propose) that a court may review the merits of a remand order when that court suspects any legal error. Nonetheless, appellate courts may peek at the remand order as part of our "jurisdiction to determine our own jurisdiction." *Lively*, 456 F.3d at 937 (quoting *Special Invs., Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004)). Accordingly, we take note of the *grounds* upon which the district court professes to base its remand. When the district court characterizes its remand as "resting upon lack of subject-matter jurisdiction"—as all § 1447(e) remands must—the appellate court's review, "to the extent it is permissible at all, should be limited to confirming that that characterization was colorable." *Powerex*, 551 U.S. at 234. Once the appellate court determines that "the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)." *Id.*[2]

---

[2] *Powerex* raises the possibility that § 1447(d) would permit appellate review of a remand order that "dresses in jurisdictional clothing a patently nonjurisdictional ground," but holds off on deciding whether such review is permissible. *Powerex*, 551 U.S. at 234. We need not decide either, as it is not alleged here that the district court's concern for diversity jurisdiction was a façade.

It would appear that Michael and Renate conflate review of whether the grounds of the remand order were colorably based on lack of subject-matter jurisdiction, which is permitted, with review of whether the remand was an acceptable exercise of such authority, which is not. *See, e.g.*, *Lively*, 456 F.3d at 938 ("[T]he question raised on appeal is not whether the district court's remand order was correct, but whether the district court exceeded the scope of its § 1447(c) authority by issuing the remand order in the first place."). As a result, Michael and Renate rely on precedents in which this court reviewed district court remand orders that were not even ostensibly grounded in lack of subject-matter jurisdiction. *E.g.*, *Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) (untimely removal); *Harmston v. City & County of San Francisco*, 627 F.3d 1273, 1277 (9th Cir. 2010) (discretionary refusal of supplemental jurisdiction); *Lively*, 456 F.3d at 942 (forum defendant rule); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003) (defect in removal procedure); *Garamendi v. Allstate Ins. Co.*, 47 F.3d 350, 352 (9th Cir. 1995) (*Burford* abstention).

Here, the Order was premised on the concern that the proposed joinder would "destroy diversity." There is no dispute here whether such grounds are colorably jurisdictional or are simply procedural as there was in, say, *Lively*. By definition, diversity confers subject-matter jurisdiction and so the addition of a diversity-destroying defendant would "destroy subject matter jurisdiction" in this case. 28 U.S.C. § 1447(e).

Because the district court characterized the remand as compelled by the grounds specified by § 1447(e), "review is unavailable no matter how plain the legal error in ordering the remand." *Kircher v. Putnam Funds Tr.*, 547 U.S. 633,

641–42 (2006) (quotation marks omitted). The accusation of legal error does not permit this court to sidestep the command of § 1447(d).

3

Finally, Michael and Renate contend that § 1447(d) does not bar our review of this remand order because the district court remanded a single *claim* to state court, while § 1447(d) prevents the review of orders "remanding a *case*." 28 U.S.C. § 1447(d) (emphasis added). Such an argument ignores that the effect of the district court's severance of the dissolution claim from the other claims was to create a separate case— a case that it then remanded. *See Herklotz v. Parkinson*, 848 F.3d 894, 898 (9th Cir. 2017) ("When a claim is severed, it becomes an entirely new and independent case" with "an independent jurisdictional basis.").

We therefore conclude that § 1447(d)'s prohibition applies to this appeal.

III

Section § 1447(d)'s bar on our review of the remand does not end this case. Michael and Renate also assert that the joinder that occasioned the remand is separable from the remand. A reviewing court, they remind us, may look behind the unreviewable remand order and review the district court's antecedent determinations when such determinations are separable from the remand order. *See Stevens*, 378 F.3d at 946.

A

The separability doctrine originated in the Supreme Court's terse, cryptic, and now-controversial opinion in *City*

*of Waco v. United States Fidelity & Guaranty Co.*, 293 U.S. 140 (1934).**[3]**  There, an individual, filing in state court, sued the City of Waco and its contractor for damages that he suffered in a collision with a street obstruction.  *Id.* at 141.  The City then brought a cross-complaint against the United States Fidelity & Guaranty Company ("USF&G"), an out-of-state surety.  *Id.*  USF&G removed the case to federal court, but, on motion from the plaintiff, the federal district court dismissed the cross-complaint and, finding the parties no longer diverse, remanded the case to state court.  *Id.* at 141–42.  The appellate court held that it did not have jurisdiction over the order dismissing the cross-claim, but the Supreme Court reversed.  *Id.* at 142–43.  The Court held that the dismissal of the cross-claim was reviewable because "in logic and in fact the decree of dismissal preceded that of remand" and, "if not reversed or set aside, is conclusive upon the petitioner."  *Id.* at 143.  Yet the Court took pains to make clear that the review of the dismissal would not be a back door through which the appellate court could review the remand of the rest of the case.  *Id.* at 143–44.

## B

In dicta, our court has distilled *City of Waco*'s criteria for a separable antecedent determination into a two-step test. An antecedent determination is separable from the remand order when it (1) "preceded the remand order in logic and fact" and (2) is "conclusive, i.e., functionally unreviewable in state courts."  *Stevens*, 378 F.3d at 946 (quoting *Dahiya v.*

---

**[3]** *City of Waco* preceded the enactment of § 1447(d) and the Federal Rules of Civil Procedure, so the Supreme Court, while continuing to apply and interpret the precedent, has recently cast doubt on the "continued vitality" of the limited appellate review it allows.  *Kircher*, 547 U.S. at 645 n.13; *see also In re C & M Props., L.L.C.*, 563 F.3d 1156, 1164 (10th Cir. 2010) (Gorsuch, J.).

*Talmidge Int'l, Ltd.*, 371 F.3d 207, 210 (5th Cir. 2004)).  We have had very few occasions to employ and to develop the separability doctrine, so *City of Waco* remains the exemplar case of a separable order.

1

Let's begin with step one: whether the antecedent determination preceded the remand order "in logic and fact." Here the antecedent determination is not a *City of Waco*-type dismissal of all claims against the diverse party, but rather the joinder of a diversity-destroying party.

While the joinder of the trustees undoubtedly preceded the remand of the partnership dissolution claim *in logic*, it is not clear whether the joinder preceded the remand *in fact*. Recall that the remand was ordered pursuant to § 1447(e). Under that subsection, the district court has two options: either deny joinder or join-and-remand.  Section 1447(e) does not permit separate consideration of joinder and remand; they are one and the same.

We are not persuaded that *City of Waco* attached such significance to its comment that "in logic and fact the decree of dismissal preceded that of remand" that we should read "logic" and "fact" as such separate, demanding requirements.  *City of Waco*, 293 U.S. at 143.  Indeed, the district court in *City of Waco* issued its dismissal and its remand in a "single decree," so even simultaneous orders in a single decree may be separable.  *Id.* at 142.  The orders before us were also issued simultaneously and in a single decree.  We see nothing about their sequence that merits a different treatment than the orders in *City of Waco*.

We therefore proceed to step two.

2

The district court's joinder of the trustees clearly fails to meet the second requirement: that the antecedent order be "conclusive" on the issue it decided. A "conclusive" antecedent order is one that is "functionally unreviewable in state court." *Stevens*, 378 F.3d at 946. Put another way, a separable order "result[s] in substantive issues being later barred." *Washington Suburban Sanitary Comm'n*, 917 F.2d at 836 n.4. The order dismissing the cross-claim in *City of Waco* illustrates the point. There the City could not bring the same cross-claim in state court because the district court's dismissal had preclusive effect. *City of Waco*, 293 U.S. at 143.**[4]** The Court was therefore concerned that the City's cross-claim would be extinguished simply because it fell into a limbo in which the district court's dismissal was simultaneously unreviewable in federal court and preclusive in state court.

Here no such concern is warranted. No claims will be functionally extinguished by our inability to review the challenged amendment. Instead, the full and ultimate effect of the amendment is that one of the six claims pled in this case must now be resolved in a state forum instead of a federal one. Unlike *City of Waco*, the state court is not bound by the challenged amendment. If the trustees should not have been joined, the courts of the State of California are free to dismiss them. *See Kircher*, 547 U.S. at 646 ("[W]hat a state court could do in the first place it may also do on remand.").

---

**[4]** It would have no such effect today. *See In re C & M Props.*, 563 F.3d at 1165.

But Michael and Renate contend that the joinder is unreviewable in state court because the state court possesses "no power to reverse remand." However, the crucial "conclusive" result cannot be the remand itself; otherwise it would contradict the very premise of the separability doctrine, which is that some orders have effects that render such orders *separable* from the remand. Whether the joinder is conclusive therefore cannot depend on whether the state court may reverse the *remand*; it must depend on whether the state court may reverse the *joinder* and dismiss the trustees.

We conclude that, because the state court may dismiss the trustees, the joinder in this case is not conclusive and hence not reviewable.

3

Furthermore, we are reminded that *City of Waco* "repeatedly cautioned that the remand order itself could not be set aside" even when the antecedent determination is reviewable. *Powerex*, 551 U.S. at 236. Accordingly, when we have found antecedent determinations to be separable and reviewable, we do so without disturbing the remand order. *E.g.*, *Sherwin v. Infinity Auto Ins. Co.*, 639 F. App'x. 466, 467 n.1 (9th Cir. 2016); *Nebraska ex rel. Dep't of Soc. Servs. v. Bentson*, 146 F.3d 676, 678 (9th Cir. 1998); *Levin Metals Corp. v. Parr-Richmond Terminal Co.*, 799 F.2d 1312, 1315 (9th Cir. 1986). The observation suggests a formula for differentiating separable decisions from unreviewable ones. An antecedent ruling that could be reversed without disturbing the remand may, as in *City of Waco*, be separable. However, if the ruling can only be reversed by first undoing the remand, then it is not separable and we may not review it. *See Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 242–43 (4th Cir. 2007) ("A district

court decision that has a preclusive effect on the parties and that is logically and factually separable from the remand order is a decision that can be reviewed by this Court without affecting the remand order."); *accord Fontenot*, 718 F.3d at 522.

Because the trustees are not parties to the case currently in federal court, it is impossible to imagine how we could revisit their joinder without sticking our nose into state court proceedings. As a result, Michael and Renate's request to review the amendment order ultimately "amounts to a request for one of two impermissible outcomes: an advisory opinion . . . or a reversal of the remand order." *Powerex*, 551 U.S. at 236. Neither outcome is within our power; the joinder decision is unreviewable by this court.[5]

C

In holding that the joinder of a diversity-destroying party is not separable from a § 1447(e) remand order and is therefore unreviewable, we join the Fourth Circuit. *See Washington Suburban Sanitary Comm'n*, 917 F.2d at 836 n.4.

Two circuits, however, hold that an order amending a complaint to add a diversity-destroying party *is* separable from a remand order. *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 489 (5th Cir. 2001); *Powers v. Southland*

---

[5] Michael and Renate request judicial notice of state-court filings in proceedings on the remanded claim. Such filings are relevant only for evaluating the appropriateness of the joinder, which this court may not review. *See Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. Zinke*, 889 F.3d 584, 594 n.5 (9th Cir. 2018). Consequently, the motion to take judicial notice is **DENIED**.

*Corp.*, 4 F.3d 223, 228 (3d Cir. 1993).**[6]**  Respectfully, they do not dissuade us from our holding.

1

The Fifth Circuit's opinion in *Doleac* is notably equivocal; it forthrightly acknowledged that an amendment to join a diversity-destroying party "simply determined the forum in which the claims would be decided and that both parties would be subject to the same action.  Therefore, it does not appear analogous to issues found separable." *Doleac*, 264 F.3d at 487–88 (citation omitted).  However, the court believed itself bound by a precedent holding that an amendment joining an immune party was separable from the subsequent remand, even though that precedent failed to consider the conclusiveness element of the *City of Waco* test. *Id.* at 486, 489 (citing *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023 (5th Cir. 1991)).

*Doleac* is also distinguishable because it concerns a joinder preceding a remand pursuant to § 1447(c), while our case (and the Fourth Circuit's) concerns a remand under § 1447(e).  As explained above, joinder and remand under § 1447(e) is a single exercise.  Hence, even as it held that joinder preceding a § 1447(c) remand was separable, the Fifth Circuit opined that joinder pursuant to § 1447(e) was very likely *not* separable from the remand.  *Doleac*, 264 F.3d at 488–89.  The panel went so far as to suggest that the circuit reconsider its holding en banc to bring the rule for § 1447(c) in line with the rule for § 1447(e).  *Id.* at 488, 489.

---

**[6]** In neither case did the appellate court actually review the joinder, each holding that the joinder order was not immediately appealable as either a final decision or a collateral order.  *Doleac*, 264 F.3d at 493; *Powers*, 4 F.3d at 237.

2

The Third Circuit's holding in *Powers* hinged on a factor not found here: the district court determined that the amendment adding a diversity-destroying defendant would relate back to the date that the complaint was originally filed. As the court explained, the joinder at issue in the case "consisted of two separate steps or decisions." *Powers*, 4 F.3d at 230 n.8. The first such decision was whether the amendment would relate back, a decision that was separable because it "clearly affected significant substantive rights"—i.e., the joined defendant would lose the benefit of the expiration of the statute of limitations. *Id.* The second such decision was whether joinder should be permitted. The court conceded that without the relation-back decision, joinder would have "no significant substantive effect on the rights of the parties beyond determining the forum." *Id.*

We are not persuaded that either *Doleac* or *Powers* constitute contrary authority. We are satisfied that the joinder is not separable.

IV

Although the district court's amendment of the complaint is not separable from the remand, severance of the partnership dissolution claim may well be. But we need not decide whether § 1447(d) bars our review of pre-remand decisions to sever claims because Michael and Renate expressly waived any objection on the merits to the district court's severance of the partnership dissolution claim.

## V

Finally, Michael and Renate assert that this court should construe their appeal as a petition for writ of mandamus over which this court has jurisdiction under 28 U.S.C. § 1651(a).

Congress undertook to exclude remand orders from our review and anticipated that litigants might adopt an unusual posture in order to raise their grievance before the courts of appeals.  For that reason, § 1447(d) states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal *or otherwise*." 28 U.S.C. § 1447(d) (emphasis added).  Review through a writ of mandamus is one such alternative specifically prohibited by § 1447(d).  *Gravitt v. Sw. Bell Tel. Co.*, 430 U.S. 723, 723–24 (1977); *see also In re Blatter*, 241 F. App'x 371, 373 (9th Cir. 2007).  What § 1447(d) prohibits on appeal, it also prohibits on petition for mandamus. Mandamus is an "extraordinary remedy" and it is neither warranted nor permissible here.  *Special Invs.*, 360 F.3d at 993.

## VI

Michael and Renate cannot overcome the familiar bar to appellate review of remand orders in cases removed from state court.

**APPEAL DISMISSED.**