**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| K. C., a minor by and through his Guardian ad Litem Dana K. Dunmore,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>AHMAD KHALIFA, M.D.,<br><br>Defendant-Appellant,<br><br>v.<br><br>CALIFORNIA HOSPITAL MEDICAL CENTER; et al.,<br><br>Defendants-Appellees,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Movant-Appellee. | No. 18-56520<br><br>D.C. No.<br>2:18-cv-06619-RGK-AS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| VELANTA MONIQUE BABBITT, in her individual capacity and as parent and guardian of B. D., a minor, | No. 18-56576 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-06528-DMG-FFM |
| v. | |
| DIGNITY HEALTH, a California corporation, | |
| Defendant-Appellee, | |
| v. | |
| SEBHAT AFEWORK, M.D., | |
| Defendant-Appellant, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Movant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted March 6, 2020
Pasadena, California

2

Before:  KLEINFELD and NGUYEN, Circuit Judges, and PAULEY,[**] District Judge.

These two cases, consolidated for purposes of oral argument, were removed from state court to federal district court, and then ordered remanded.  They are materially similar.  Patients sued their physicians, Dr. Khalifa and Dr. Afework, for medical malpractice.  Both physicians were employed by Eisner Pediatric & Family Medical Center.  The Eisner facility and its employees were "deemed" to be Public Health Service employees pursuant to 42 U.S.C. § 233(g).  Section 233 provides for removal from state court to federal court of cases against deemed persons, substitution of the United States for those persons deemed to be Public Health Service employees, and exclusiveness of the remedy against the United States, much like Westfall Act cases.  Both physicians sought to avail themselves of section 233, but the district court remanded their cases back to state court.  They appeal the remand orders.

Section 233 speaks to removal, but not to appeals from remands.  A remand

---

[**] The Honorable William H. Pauley III, United States District Judge for the Southern District of New York, sitting by designation.

order is generally not reviewable on appeal, under 28 U.S.C. § 1447(d), if the defect in removal fell within section 1447(c) and the case was not removed pursuant to 28 U.S.C. §§ 1442 or 1443. Section 1443 speaks to civil rights actions and has no applicability to the cases before us. Section 1442 provides for removal of actions against federal officers relating to acts performed under color of their federal office. Even assuming the physicians here could qualify as federal officers for purposes of section 1442, both remand orders were proper because the removals were untimely. Dr. Afework's notice of removal, filed on July 27, 2018, was untimely given the proof of service of summons indicating service on March 26, 2018, and Dr. Afework did not prove by a preponderance of the evidence that service occurred on a later date that would have rendered removal timely. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014). And it is undisputed that Dr. Khalifa was served on April 15, 2018, but did not file his notice of removal until August 1, 2018.

Both cases were also remanded on the ground that the removals were not authorized under section 233. If the agencies and the district court erred in treating the physicians as not being deemed to be Public Health Service employees, we

would need appellate jurisdiction to correct the error, but we lack it under section 1447(d). The district courts' determinations that they were not entitled to removal under section 233 was at least "a ground that is colorably characterized as subject-matter jurisdiction," *Powerex Corp. v. Reliant Energy Services*, 551 U.S. 224, 234 (2007), so it falls within section 1447(c). *See DeMartini v. DeMartini*, 964 F.3d 813, 821 (9th Cir. 2020). Remands of cases removed pursuant to section 233 are therefore unreviewable under section 1447(d).

Accordingly, we affirm the district courts to the extent they held the section 1442 removals were untimely, and we dismiss the remainder of the appeals for lack of jurisdiction under section 1447(d). We do not, because we lack jurisdiction, reach the question whether the district courts were correct to dismiss under section 233. *See DeMartini*, 964 F.3d at 820; *Cty. of San Mateo v. Chevron Corp.*, 960 F.3d 586, 598 (9th Cir. 2020). As such, we are unable to address appellants' arguments.

**DISMISSED in part and AFFIRMED in part.**